Sanders

v.

Reynolds Associates et al.

April 17, 1986

Case No. (Law) 9638

By JUDGE ALFRED D. SWERSKY

The matter is before the Court on defendant Westinghouse's Motion for Summary Judgment and Plea in Bar. The basis for the Motion is the five year statute of limitations contained in Section 8.01-250 of the Code of Virginia. Westinghouse claims that the elevator in question is an "improvement" to the realty not simply "equipment or machinery or other articles installed in a structure upon real property." Westinghouse contends that if the elevator is an improvement then it would be protected by the five year statute of limitations provided for in 8.01-250.

In view of the legislative history of the amendments to this Code section and in view of the Supreme Court's holding in *Cape Henry Towers, Inc.* v. *National Gypsum, Co., et al.,* 229 Va. 596 (1985), it is clear that the five year statute does not apply to this elevator.

It is not in dispute that the elevator is actually a machine. It is, however, contended that this machine, by its nature and character, became an improvement to the real property.

The legislature in excluding "equipment or machinery or other articles installed in a structure upon real property" intended that these items be excluded even if they became, in some sense of the word, an "improvement." There is language in the 1973 amendment to that effect. This amendment read:

This limitation shall not apply to the manufacturer or supplier of any equipment or machinery or any other articles which are installed in or become a part of any real property *either as an improvement or* otherwise... (Emphasis added.)

In recodifying this statute in 1977, as a part of the enactment of Title 8.01, this paragraph was modified to read in its present form. The key phrase now is "installed in a structure upon real property."

The Supreme Court in *Cape Henry Towers, supra,* found that, in spite of the 1977 modification, the General Assembly intended to perpetuate the distinction between those who furnish ordinary building materials incorporated into construction work outside of their control and those who furnish machinery or equipment. 229 Va. 596 at 602.

For the foregoing reasons the Motion of Westinghouse will be denied.